STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: Civil

---

Ayrlahn Hegge Johnson,

Plaintiff,

v.

Burnsville Police Officers
Alecia Halverson, David Powers, and
John Mott (in their individual and official
capacities), and John and Jane Does 1-5
(in their individual and official capacities),
and the City of Burnsville,

Defendants.

Court File No.:

SUMMONS

**EXHIBIT**
*tabbies*
**A**

---

TO:    Officers Alecia Halverson, David Powers, and  John Mott of the Burnsville Police
       Department and the City of Burnsville, 100 Civic Center Parkway, Burnsville, Minnesota
       55337.

1. **YOU ARE BEING SUED.** The plaintiff has started a lawsuit against you.  The
   Plaintiff's Complaint against you is attached to this Summons.  Do not throw these
   papers away.  They are official papers that affect your rights.  You must respond to
   this lawsuit even though it may not yet be filed with the Court and there may be no
   court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You
   must give or mail to the person who signed this Summons a **written response** called
   an Answer within 20 days of the date on which you received this Summons. You
   must send a copy of your Answer to the person who signed this Summons located at:

   Paul Applebaum
   Andrew M. Irlbeck
   First National Bank Building
   332 Minnesota Street, Suite W1610
   St. Paul, MN 55101

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response
   to the Plaintiff's Complaint.  In your Answer you must state whether you agree or

1

disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:   May 1, 2014

By: 
Paul Applebaum (#223098)
Andrew M. Irlbeck (#392626)
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
Phone: (651) 222-2999
Fax: (651) 223-5179

*Attorneys for Plaintiff*

2

STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT
Case Type: Civil

---

Ayrlahn Hegge Johnson,

Plaintiff,

v.

Burnsville Police Officers
Alecia Halverson, David Powers, and
John Mott (in their individual and official
capacities), and John and Jane Does 1-5
(in their individual and official capacities),
and the City of Burnsville,

Defendants.

Court File No.:


**COMPLAINT AND
JURY DEMAND**

---

Plaintiff Ayrlahn H. Johnson for his Complaint states and alleges as follows:

1. This is an action for money damages for injuries sustained by Ayrlahn H. Johnson ("Plaintiff") as a result of the illegal search and seizure, excessive use of force, and deprivation of his constitutional rights by on-duty Defendant Burnsville Police Officers Powers and Halverson. Defendants' actions violated Plaintiff's well-settled civil rights while acting under color of state law. Defendants' actions also violated the common laws of the State of Minnesota.

2. Plaintiff brings this action pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. Sections 1331 and 1343(3). This Court has concurrent jurisdiction over these statutory and constitutional provisions.

## PARTIES AND VENUE

3.      Plaintiff is a citizen of the United States and is of the age of majority. Defendants were duly appointed peace officers of the Burnsville Police Department respectively at all times relevant to this action.

4.      This action properly lies in Dakota County because the City of Burnsville is located in Dakota County and all of the facts complained of arose in Burnsville, Minnesota.

## FACTUAL ALLEGATIONS

5.      At around 11:10 p.m. on January 20, 2013, Defendants were dispatched to a single-car accident at 134th Street and Willow Lane in Burnsville Minnesota.

6.      Defendants Powers and Halverson arrived on scene separately and found Mr. Johnson standing near a severely damaged vehicle. Minutes before, Mr. Johnson had been summoned to the scene of the accident by his son. As Mr. Johnson was retrieving objects thrown from the car, he was approached by Defendant Powers who demanded that Mr. Johnson identify himself. When Mr. Johnson responded quite accurately "Mr. Johnson," Defendant Powers roughly grabbed Mr. Johnson without warning, causing Johnson, who had committed no crime, to reflexively pull away.

7.      Defendant Powers then struck Johnson repeatedly in the thigh and legs then threw him to the ground face first. While Mr. Johnson remained face down on the frozen sidewalk, lying on his stomach, Defendant Halverson, who had just arrived at the scene of the accident, tased Johnson twice without warning or good cause. Defendant Officers then improperly sat and/or kneeled on Johnson's back making it extremely difficult for Johnson to breathe. The Defendants' unprovoked attack caused severe pain as well as injury to Johnson's shoulders,

2

neck, arms, hands, knees, wrists, and back. The attack also caused mental anguish and emotional suffering.

8.    Defendant Officers then handcuffed Johnson and put him in the back of Officer Halverson's squad car. While in the back of the squad car Defendant Officers repeatedly accused Johnson of being drunk and administered a PBT (without consent, exigent circumstances, a warrant, probable cause or reasonable suspicion) which showed that Johnson had no alcohol in his system. At all times during this incident, Johnson was compliant.

9.    Mr. Johnson was then transported to the Burnsville Police Department and from there to the Dakota County Jail. Despite having committed no crimes Johnson was booked and held for several days before posting bail and being released.

10.    Based upon the false police reports of Defendants, Johnson was charged with Gross Misdemeanor Obstruction of Legal Process with Force. Johnson was forced to hire a criminal defense attorney at great expense to fight the unfounded charges, and to make a number of court appearances before the criminal case was dismissed by a Dakota County District Court Judge.

11.    Mr. Johnson had absolutely no criminal record before his arrest; and, when the fabricated criminal charges made the rounds among Johnson's friends and colleagues, he endured great embarrassment, public ridicule and loss of political standing in his local political party. Due to the injuries Mr. Johnson sustained, he was forced to cancel a meeting with a prospective client which caused Mr. Johnson to lose the business as a result.

12.    Johnson continues to suffer from the physical injuries, and remains emotionally distressed and embarrassed by the Defendant Officers unprovoked use of excessive force, his

3

false arrest, his illegal and unwarranted stay in jail, the legal fees he paid for his lawyer, and the unnecessary court appearances his was forced to make due to the unfounded criminal charges.

### COUNT 1 – EXCESSIVE FORCE
### IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff re-alleges paragraphs 1 through 12 and further states:

13.    Even though Johnson was docile and compliant, Defendant Powers kicked and violently threw Johnson to the ground before Defendant Halverson tased him twice, all of which constitutes excessive force. Defendants Powers and Halverson brought Johnson to the ground using excessive force and pinned him to the ground causing Mr. Johnson to panic and have trouble breathing. Defendants Powers and Halverson acted with specific intent to deprive Plaintiff of his right to be free from excessive and unjustified force. Defendant Officers' actions violated Plaintiff's well-established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

14.    Defendants' actions were the direct and proximate cause of the constitutional violations and Plaintiff's damages.

### COUNT 2 –UNREASONABLE SEARCH AND SEIZURE
### IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff re-alleges paragraphs 1 through 14 and further states:

15.    Defendants Powers and Halverson deprived Johnson of his constitutional right to be free from illegal search and seizure by forcing Johnson to submit to a PBT without cause, then arresting and jailing him for several days when there was not even arguable probable cause that he had committed a crime. Defendants further violated Mr. Johnson's rights by filing false and misleading police reports after the arrest which caused him to be charged with a crime, and required him to hire a lawyer at great personal expense. Defendant Officers' actions violated

4

Plaintiff's well-established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

16. Defendants' actions were the direct and proximate cause of the constitutional violations and Plaintiff's damages.

### COUNT 3 – COMMON LAW BATTERY

Plaintiff re-alleges paragraphs 1 through 16 and further states:

17. Defendants, acting in concert, kicked, struck and threw Johnson down, tased him, then pinned him to the ground for an excessive period of time without consent, or any legitimate law enforcement or commonsense justification. Because Johnson was at all times compliant, Defendants used more physical force than was reasonable and necessary under the circumstances. Such contact and the excessive force constitute common law battery.

18. Defendant Officers' battery was the direct and proximate cause of Plaintiff's damages.

19. The Burnsville Police Department is jointly and severally liable for the actions of Defendants Powers and Halverson under the doctrines of agency and *respondeat superior*.

### COUNT 4 – COMMON LAW ASSAULT

Plaintiff re-alleges paragraphs 1 through 19 and further states:

20. Defendants perpetrated an unprovoked attack on Johnson while he was compliant. Defendants' misconduct caused Plaintiff to be in reasonable fear of his immediate safety and well-being. Johnson did not provoke or consent to the attack. These actions and the excessive use of force by Defendants constitute common law assault.

21. Defendants' illegal assault and battery were the direct and proximate cause of Plaintiff's injuries and damages.

22.    Defendant Burnsville Police Department is jointly and severally liable for Defendant Powers and Halverson's actions under the doctrines of agency and *respondeat superior*.

WHEREFORE, Plaintiff prays for judgment as follows:

a.    that this case be tried to a jury; and

b.    that Plaintiff be awarded compensatory and punitive damages against Defendants, each of them, jointly and severally, in excess of $ 300,000.00; and

c.    that Plaintiff be awarded all of his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. Section 1988; and

d.    granting such other relief as the Court may deem just and equitable.

Dated: 4/30/14

Respectfully submitted,

Paul Applebaum (#223098)
Andrew M. Irlbeck (#392626)
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
Phone: (651) 222-2999
Fax: (651) 223-5179

*Attorneys for Plaintiff*

6

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE § 549.211

The party represented by the undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Dated: 4/30/14

Paul Applebaum (#223098)

7