STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                               FIRST JUDICIAL DISTRICT
                                                      Case Type:  Civil

Ayrlahn Hegge Johnson,                          Court File: _____

                    Plaintiff,

vs.                                             **JOINT ANSWER OF DEFENDANTS**
                                                **HALVORSON, POWERS, MOTT**
Burnsville Police Officers                      **AND THE CITY OF BURNSVILLE**
Alecia Halverson, David Powers, and             **TO PLAINTIFF'S COMPLAINT**
John Mott (in their individual and official
capacities), and John and Jane Does 1-5
(in their individual and official capacities),
and the City of Burnsville,

                    Defendants.

COMES NOW Defendants, Alecia Halvorson, David Powers, John Mott and the City

of Burnsville, and for their Joint Answer to Plaintiff's Complaint, state and allege as follows:

I.

They deny each and every matter and thing contained in Plaintiff's Complaint, except

as qualified herein.

II.

That they specifically deny that they were guilty of any negligent, illegal, improper or

unconstitutional conduct.

III.

That with regard to Paragraph 1 of Plaintiff's Complaint, these answering Defendants

admit that Officers Powers and Halvorson were acting under color of law, but deny the

remainder of the allegations contained in said paragraph.

IV.

That with regard to Paragraph 2 of Plaintiff's Complaint, these answering Defendants deny that Plaintiff has stated as cause of action for § 1983 and therefore deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

V.

That with regard to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff is of the age of majority and that Officers Halvorson, Powers and Mott were peace officers for the Burnsville Police Department. Defendants are without sufficient information to admit or deny whether Plaintiff is a citizen of the United States.

VI.

Defendants deny the allegations contained in Paragraphs 4, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of Plaintiff's Complaint.

VII.

That with regard to Paragraph 5 of Plaintiff's Complaint, these answering Defendants admit that at approximately 11:10 p.m. on January 20, 2013, they were dispatched to a single vehicle accident with a possible intoxicated driver and the report of a male who was running from the scene at 134th Street and Willow Lane in Burnsville, Minnesota.

VIII.

Defendants admit the first sentence of Paragraph 6 of Plaintiff's Complaint. Defendants are without sufficient information to admit or deny the allegations contained in the second sentence of Paragraph 6 and therefore deny the same and put the Plaintiff to proof. That with regard to the third sentence of Paragraph 6, these answering Defendants admit that when Officer Powers arrived he observed Plaintiff throwing parts from the vehicle

2

through the smashed rear window of the vehicle and that Officer Powers approached Plaintiff and demanded his identification. That with regard to the fourth sentence of Paragraph 6, Defendants admit that Plaintiff stated that he was, "Mr. Johnson" and that he was taking care of the mess and was calling a tow for the vehicle. That Officer Powers' efforts to determine Mr. Johnson's further involvement with the vehicle was met with Mr. Johnson's refusal to answer. After Officer Powers explained that he was investigating a crime and was attempting to determine Mr. Johnson's further involvement, Mr. Johnson attempted to leave the scene, at which point Officer Powers attempted to detain Mr. Johnson because of his actions at the scene and his apparent involvement with the crashed vehicle and Defendants admit that Mr. Johnson pulled away from the officer's attempt to detain Mr. Johnson at the scene. Defendants deny the remainder of the allegations contained in the fourth sentence of Paragraph 6 of Plaintiff's Complaint.

IX.

That with regard to the first sentence of Paragraph 7 of Plaintiff's Complaint, Defendants admit that Officer Powers attempted a knee strike to Plaintiff's right thigh after Plaintiff continued to pull away from the grip of Officer Powers' efforts to control his right arm, however, the attempted knee strike to Plaintiff's right thigh had no effect on Plaintiff's compliance. Defendants deny the remainder of the allegations contained in Paragraph 7.

X.

That with regard to the first sentence of Paragraph 8 of Plaintiff's Complaint, these answering Defendants admit that Officers Powers and Halvorson handcuffed Plaintiff and Plaintiff was placed in the back of Officer Halvorson's squad car. With regard to the second sentence of said paragraph, Defendants admit that a PBT was administered to Plaintiff which

3

indicated that there was no alcohol in Mr. Johnson's system, but Defendants deny the remainder of the allegations contained in said sentence. Defendants deny the allegations contained in the third sentence of Paragraph 8.

XI.

Defendants admit the allegations contained in the first sentence of Paragraph 9. With regard to the second sentence of Paragraph 9, Defendants state that they are without sufficient information to admit or deny how long Plaintiff was in jail. Defendants deny the remaining allegations contained in Paragraph 9.

XII.

That with regard to the first sentence of Paragraph 10 of Plaintiff's Complaint, Defendants admit that Plaintiff was charged with gross misdemeanor obstruction of legal process with force, but deny the remainder of the allegations contained in the first sentence of said paragraph. That with regard to the second sentence of Paragraph 10, Defendants deny that the charges were unfounded and deny that the criminal case was properly dismissed by a Dakota County Judge, but are without sufficient information to admit or deny the remainder of the allegations contained in the second sentence of Paragraph 10 and therefore deny the same and put the Plaintiff to proof

XIII.

That Defendants are without sufficient information to admit or deny Plaintiff's previous criminal convictions as stated in the first sentence of Paragraph 11 and therefore deny the same and put the Plaintiff to proof. Defendants deny the remainder of the allegations contained in Paragraph 11.

## XIV.

That any injuries or damages sustained by the Plaintiff were due to and caused by Plaintiff's own conduct.

## XV.

That Plaintiff's claims against Defendants are barred by the doctrines of qualified immunity and/or official immunity.

## XVI.

That Plaintiff's Complaint fails to state a claim upon which relief can be granted against these answering Defendants.

## XVII.

That these Defendants at all times acted reasonably and proper.

## XVIII.

That these Defendants were at all times performing a discretionary function while acting with the good faith and reasonable belief that their actions were lawful, constitutional and proper.

## XIX.

That Plaintiff Ayrlahn Hegge Johnson was guilty of unlawful conduct which was the cause of any injuries or damages that the Plaintiff may have sustained.

## XX.

That Plaintiff's claims are barred because of no actual constitutional injury.

XXI.

That the actions of Defendants were authorized by Minnesota Statutes.

XXII.

That the actions of Defendants were in good faith and in accordance with Minnesota and Federal Statutes and case law.

XXIII.

That Plaintiff has not sustained injuries of a magnitude sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

XXIV.

That Plaintiff's prayer for relief for punitive damages is improperly pleaded.

WHEREFORE, these answering Defendants pray that Plaintiff take nothing against them by his pretended claim for relief herein; that they be given judgment for their costs, disbursements and attorney's fees and for such other relief as the Court may deem just and equitable; and further these answering Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of these answering Defendants in accordance with said Order of Dismissal.

DATED: _5-28-14_          JARDINE, LOGAN & O'BRIEN, P.L.L.P.


By: _____
    JOSEPH E. FLYNN (#165712)
    8519 Eagle Point Boulevard, Suite 100
    Lake Elmo, MN 55042-8624
    Phone: 651-290-6500
    Fax: 651-223-5070

Attorneys for Defendants

6

## ACKNOWLEDGMENT

The undersigned hereby acknowledges in accordance with Minn. Stat. §549.211 that costs, disbursements and reasonable attorney and witness fees may be awarded to an opposing party or parties pursuant to Minn. Stat. §549.211.

_____
Joseph E. Flynn